HAYDEN'S ADMINISTRATOR, Appellant, v. STINSON, Respondent.

1. By a deed of gift certain slaves were conveyed to M. W., a daughter of the grantor, "to the said M. W., and to her bodily issue, and no way else, &c., to have and to hold unto the said M. W. and her bodily issue forever, &c., though with this condition, and such is the express meaning and intent of this instrument, that the above named negro slaves are to remain with and be kept in the possession of the said Mary White for and during her natural life; and after her death, the said negro slaves, with their increase, to be equally divided between the heirs and issue of the body of the said M. W., any thing to the contrary herein contained notwithstanding." *Held*, that this deed created a life interest only in M. W., the daughter of the grantor, with a remainder to her children.

*Appeal from Cooper Court of Common Pleas.*

James Stinson executed the following deed of gift to his daughter, Mary White: "Know all men by these presents, that I, James Stinson, of Cooper county and state of Missouri, for and in consideration of the natural love and affection which I have and bear to my beloved daughter, Mary White, of Benton

county and state aforesaid, and for and towards the better support of her, the said Mary and her heirs, and for divers other good causes and valuable considerations thereunto specially moving, have given, granted and sold, and by these presents do give, grant and sell unto the said Mary White and to her bodily issue, and no way else, two certain negro slaves, called by the names and known as follows, to-wit : Green, a boy aged about two years old, and Jane, a girl aged about thirteen years old, with her future increase for life ; to have and to hold the described and named slaves unto the said Mary White and her bodily issue forever from the claim of myself, my heirs, &c., and from the claim of all and every person or persons whatever ; though with this condition, and such is the express meaning and intent of this instrument, that the above named negro slaves are to remain with and be kept in the possession of the said Mary White for and during her natural life ; and after her death, the said negro slaves, with their increase, to be equally divided between the heirs and issue of the body of the said Mary White, any thing to the contrary therein contained notwithstanding. In testimony whereof, the said James Stinson hath hereunto set his hand and affixed his seal this 22d day of September, 1847. [Signed] James Stinson. (Seal.)"

This suit is for the possession of a slave, the child of the slave Jane mentioned in the above deed. Plaintiff founds his right to a recovery upon a bill of sale of said girl, executed to his intestate by John White, the husband of Mary White. Stinson, the respondent, resists a recovery as guardian and curator of the infant children of John White and Mary White.

*W. Adams* and *E. R. Hayden*, for appellant.

I. The condition annexed to the deed requiring the slaves to *remain with and be kept in the possession of the grantee* (Mrs. White) *during her life*," is a condition in restraint of alienation, and repugnant to the grant, and therefore void ; and her husband, John White, by virtue of his marital rights, became the owner of the slaves and the increase, and had the

right to pass the title of the slave in dispute to the appellant's intestate. (See 2 Coke's Inst. sec. 360, 223, *a*; McDowell v. Brown, 21 Mo. 57; Woodmeston v. Walker, 2 Russ. & Mylne, 197; 2 Kent, 143.)

*Parsons*, for respondent, cited 2 Sto. Eq. § 1378; Stuart v. Kissane, 2 Barbour, 493; Taylor v. Stone, 13 S. & M.

LEONARD, Judge, delivered the opinion of the court.

It is our duty to interpret the deeds of parties so as to execute their intentions, if we can do so consistently with the rules of law. The words of this grant are " to Mary White and her bodily issue, and no way else," " to have and to hold to her and her bodily issue forever," and then the deed proceeds to declare that " the express meaning and intent of this instrument is that the above named negro slaves are to remain with and be kept in the possession of Mary White for and during her natural life; and after her death, they, with their increase, are to be equally divided between the heirs and issue of the body of the said Mary, any thing to the contrary herein contained notwithstanding." The intention of the father to give a life interest to his daughter, with the remainder to her children upon her death, is manifest; and, indeed, is declared in almost so many words upon the face of the instrument itself. This is a lawful limitation of personal property; and we know of no rule of law that requires us in such transactions to look to the form of the expression and disregard the substance. The judgment must be affirmed.